UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TAJ C. OATIS,

        Petitioner,                   Case No. 1:25-cv-133

v.                                     Honorable Paul L. Maloney

MICHELLE LAJOYE-YOUNG,

        Respondent.
_____/

**OPINION**

Petitioner Taj C. Oatis is presently in custody at the Kent County Correctional Facility (KCCF) in Grand Rapids, Michigan. Petitioner initiated this action on January 24, 2025, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Michigan. (ECF No. 1.) In an order (ECF No. 4) entered on February 5, 2025, the Eastern District transferred the matter to this Court for further proceedings.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. The Court is required to conduct this initial review prior to the service of the petition. *See* Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I. Factual Allegations

As noted above, Petitioner is currently in custody at the KCCF. Public records reflect that on November 6, 2024, following a jury trial in the Kent County Circuit Court, Petitioner was found guilty of carrying a concealed weapon, being a felon in possession of a firearm, being a felon in possession of ammunition, and being a felon in possession of body armor. *See* Register of Actions, *People v. Oatis*, No. 24-00424-FH (Kent Cnty. Cir. Ct.), https://www.kentcountymi.gov/1036/Search-Court-Records (enter "Taj" for "First Name"; enter "Oatis" for "Last Name"; enter "1980" for "Year of Birth"; select "Defendant" for "Party Type"; complete the reCAPTCHA; then select "Search Criminal Cases" and select the entry for Case No. 24-00424-FH) (last visited Feb. 25, 2025). When Petitioner initiated this action on January 24, 2025, he had not yet been sentenced. However, public records indicate that on February 13, 2025, the trial court sentenced Petitioner to 180 days, with credit for 103 days of time served. *See id.*

Petitioner raises the following grounds for relief in his petition:

I.   [Second] Amendment violated.

II.  Ignoring Letter of Preservation signed by Chief Judge Deborah L. McNabb.

III. Disallowing of the Constitution to be used to defend myself.

IV.  Bias[ed] judge and no acknowledgment of Defendant defending himself.

(Pet., ECF No. 1, PageID.5–10.) Petitioner acknowledges that he did not raise these grounds for relief in any direct appeal. (*Id.*) Instead, he notes that he raised them in a "quo warranto" petition. (*Id.*)

### II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S.

2

838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not suggest that he has appealed his convictions and sentences to the Michigan Court of Appeals or the Michigan Supreme Court. A review of the dockets of those courts fails to disclose any completed or pending appeal filed by Petitioner. *See* https://www.courts.michigan.gov/case-search/ (search "Taj Oatis") (last visited Feb. 25, 2025). Thus, it is apparent that Petitioner has not raised the grounds for relief set forth above in direct appeals to the Michigan Court of Appeals and Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. Petitioner may file a direct appeal to the Michigan Court of Appeals. *See* Mich. Court Rule 7.204(A)(2); 7.205(A)(2)(a). If Petitioner does so, he must then seek leave to appeal any decision by the court of appeals to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902

3

F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

As noted above, Petitioner turned to this Court shortly before his scheduled sentencing. However, on February 13, 2025, he was sentenced to 180 days, with credit for 103 days of time served. The requirement to exhaust is not absolute. A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Ordinary delay in proceeding through the state courts, however, does not warrant excusing the exhaustion requirement.

The Sixth Circuit has made clear that "delay, standing alone, has never been enough" to excuse the exhaustion requirement. *Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022). Delay might be Petitioner's concern—not that the state court would take longer than it should to decide Petitioner's claims, but that by the time Petitioner proceeded through the Michigan Court of Appeals and the Michigan Supreme Court, his request would be moot because his sentence would have been served in its entirety. That sort of delay is simply inherent in the exhaustion requirement; it does not warrant excusing the requirement. *See, e.g.*, *Kyte v. Warden, Hamilton Cnty. Justice Ctr.*, No. 1:19-cv-809, 2020 WL 3960467, at *1 n.2 (S.D. Ohio, July 13, 2020) ("This Court has rejected the proposition that ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile, finding [t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences." (internal quotation marks omitted)); *Gonzalez-Aguilera v. Franke*, No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a

petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention . . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion." (internal quotation marks and citations omitted)).

Because Petitioner has failed to exhaust his claims, and exhaustion is not excused, his petition is properly dismissed without prejudice. Petitioner's habeas petition is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted *supra*, Petitioner has not yet appealed his convictions and sentences to the Michigan Court of Appeals.

Where a petitioner fails to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (setting forth that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). Petitioner may file a delayed application for leave to appeal in the Michigan Court of Appeals until six months after the date his judgment of sentence was entered. *See* Mich. Ct. R. 7.205(G)(3). Thus, his period of limitation has not yet started running.

The Sixth Circuit has indicated that thirty days is a reasonable amount of time for a petitioner to take the steps necessary to return to the state courts to exhaust his remedies, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after

he has exhausted his state-court remedies. *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002); *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has well more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in any danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition under § 2254 for failure to exhaust available state-court remedies.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for lack of exhaustion and denying a certificate of appealability.

Dated:   March 7, 2025                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge